**MOBIL OIL CORPORATION et al., Plaintiffs,**

**v.**

**C. Marshall DANN, Commissioner of Patents and Trademarks, Defendant.**

Civ. A. No. 76–0021.

United States District Court, District of Columbia.

Oct. 27, 1976.

Farrell R. Werbow, Arlington, Va., Osward G. Hayes and Michael G. Gilman, New York City, for plaintiff.

Joseph F. Nakamura, Sol., and Henry Tarring, II, Associate Sol., Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

This is an action by Mobil Oil Corporation ("Mobil") against the Commissioner of Patents and Trademarks ("Commissioner"). Mobil claims that the Commissioner's refusal to extend the sixty-day limit for filing a patent claim in district court was arbitrary and capricious.

I.

On April 29, 1975, the Board of Appeals of the United States Patent and Trademark Office ("Board of Appeals") rejected as unpatentable Mobil's application for a patent on a process that company had developed for the conversion of nitrogen oxide. Under Rule 304 of the Rules of Practice in Patent Cases, 37 C.F.R. § 1.304 (1975), Mobil then had sixty days in which to commence a civil action in district court. Mobil considered whether further appeal was advisable and decided it was not. On June 28, 1975, then, the time for appeal ran out.

Nearly two months later, Exxon was granted a patent on a process for the conversion of nitrogen oxide. Officials at Mobil learned of this, and studied that patent application. They decided that Exxon's application had been for substantially the same process as that for which Mobil had been denied a patent. Also, it was discovered that Exxon's application was filed two and a half years after that of Mobil, and, therefore, Mobil's application, if in fact the same as that of Exxon, should have been the one accepted.

 Mobil then asked the Commissioner to extend the time in which the company might file a civil action so that it might do that, and thereby have an opportunity to provoke an interference proceeding * in the Patent Office. The company applied to the Commissioner because he alone had the power under Rule 183 of the Rules of Practice in Patent Cases, 37 C.F.R. § 1.183 (1975), to suspend the sixty-day filing requirement. The rule provides as follows:

> In an extraordinary situation, when justice requires, any requirement of the regulations in this part which is not a requirement of the statutes may be suspended or waived by the Commissioner . . . subject to such other requirements as may be imposed.

The patent statutes clearly do not limit the time for filing a civil action to sixty

---

* When there are two or more similar patentable applications, the patent is given to the applicant who filed his claim first. The proceeding to determine who filed first is an interference

proceeding. Without an active civil suit, of course, Mobil could not even assert that its process was patentable, since the final ruling of the Board of Appeals held to the contrary.

days, and the Commissioner has not indicated that any other requirement was imposed. Therefore, the only question that the Commissioner had to consider was whether Mobil's case was so extraordinary that justice required relief under Rule 183.

In its application to the Commissioner, Mobil stated its concern that the Board of Appeals appeared to have rendered two contradictory decisions that might have worked a discrimination on the company. It gave with some specificity its reasons for this concern.

In December, 1975, the Commissioner denied Mobil's request for an extension. He stated that "every application must at some point issue into a patent or become irrevocably abandoned," and concluded that an extension or waiver of the time limits for the purpose of instituting an interference proceeding was not warranted where the party seeking the extension had made a considered judgment during the sixty-day limit not to prosecute an appeal to district court. Whether in fact the Board might have discriminated against Mobil, however inadvertently, the Commissioner did not consider at all relevant.

## II.

In *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), the Supreme Court held that a court must, in reviewing agency action under the "arbitrary and capricious" standard, determine whether the action was taken after a consideration of all of the relevant factors. In this case, the Commissioner concededly did not consider whether the Board of Appeals might have made an error which might have worked a discrimination on Mobil. The issue to be decided at this time, then, is whether that possibility was relevant to his decision that Mobil did not present an "extraordinary situation" which in justice required relief under Rule 183.

■ Certainly, there is nothing in the language of Rule 183 itself which would suggest that the possibility of such a mistake by the Board is irrelevant. On the contrary, insuring equality of treatment among patent applicants presumably is one of the prime requirements of justice.

■ Nor has the Commissioner indicated that investigations into possible unequal decisions such as Mobil has alleged here would infringe unduly on any of the policies of the patent statutes or impose a substantial administrative burden on his office. On the contrary, it is possible that if the Commissioner remains available to hear such complaints, some disappointed applicants may not feel the need to file further appeals to district court simply on the hope that just such a discriminatory ruling might occur. In the long run, then, the Commissioner might conserve resources by considering claims such as that which Mobil has made here. The Court concludes that the possibility of discriminatory rulings by the Board of Appeals is a relevant consideration for the Commissioner to weigh in determining whether relief should be granted under Rule 183.

The Commissioner has suggested that the possibility of error by the Board in this case is of such minimal importance in weighing the equities that he was safe in ignoring it, or at least that he committed harmless error in doing so. But this is not a case, for example, where the unsuccessful applicant did not pursue all his administrative remedies and the successful applicant did. There no direct conflict by the decision-maker exists, and presumably any injury to the unsuccessful claimant can be laid on his own doorstep. In that situation, the possibility of error by the lower decision-maker may safely be dismissed as unimportant.

■ But here both Mobil and Exxon prosecuted allegedly similar applications to the Board of Appeals. Mobil, which filed in the Patent Office first, lost. Exxon a few months later won. The Court finds that the Commissioner's consideration of these facts might have made a difference in his decision. Whether opening the inquiry in this way in fact would have made a difference, however, is a question that the Commissioner must answer in the first instance.

To obtain this answer most expeditiously, remand of this case to the agency is necessary. See *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).

In so doing, this Court is in no way implying what the Commissioner's decision should be. The value of finality in Board of Appeals decisions, as the Commissioner has noted, is an important one. The Court simply holds that under Rule 183 the Commissioner must consider, within the limits of time and manpower available, how likely it is that the Board discriminated against Mobil. He then must balance that determination against the Patent Office's interest in the finality of the Board of Appeals decisions to determine whether justice requires some relief. No doubt, this inquiry will begin with whether the two applications were as similar as Mobil claims they were.

In addition, if the Commissioner determines that justice requires relief under Rule 183, he may in his discretion select the particular remedy that he finds best. For example, nothing in the record appears to preclude his waiving the time limitation for requesting reconsideration of a decision by the Board of Appeals. Rule 197(b) of the Rules of Practice in Patent Cases, 37 C.F.R. § 1.197(b) (1975).

Accordingly, it is this 27th day of October, 1976.

ORDERED that this case be remanded to the Commissioner of Patents and Trademarks for further proceedings and deliberations consistent with this opinion.